GEORGE P. IKERT, ADMR., v. ROBERT WELLS.

1. SHERIFF'S LIABILITY FOR MONEY LOST IN OFFICIAL CAPACITY IS THAT
OF BAILEE.

  A sheriff who receives money in his official capacity is a bailee,
  and his liability for the loss thereof is to be determined by
  the law of bailment.

2. SHERIFF CANNOT BE AMERCED FOR MONEY LOST IN BANK FAILURE.

  A sheriff having received a sum of money from the sale of lands
  made under an order of court in a partition case, and pending
  an order of distribution, deposited the money in a local bank
  of good standing and credit, in a separate account to his
  credit as sheriff and not mingled with his private funds, is
  not liable to amercement for the money because before the
  fund was paid out the bank failed, and no negligence or bad
  faith being charged or shown on the part of the sheriff.

[Syllabus by the court.]

ERROR to Columbiana common pleas court.

*W. H. Spence,* for plaintiff in error.

*P. M. Smith* and *J. G. Moore,* for defendant in error.

## METCALFE, J.

This action originated in the common pleas court by the
filing of a motion to amerce the sheriff. The defendant, as sher-
iff of Columbiana county, sold certain real estate on the order

### Ikert v. Wells.

of the court in a partition case. The money received from the sale was deposited by the sheriff in the bank of the Lisbon Banking Company to his account as sheriff, no part of it being mingled with his private funds. Pending an order of distribution the bank failed. The Lisbon Banking Company, at the time the deposit was made, was a banking institution in good standing and credit, and no negligence or bad faith is charged or shown on the part of the sheriff. The question is presented: Is the liability of the sheriff to be determined by the law of bailment, or is he, by virtue of his office, or by the terms of his bond, held to a stricter accountability than that of a bailee for hire? In effect an insurer of the money that came into his hands in the performance of his duties. We are aware that there is a considerable amount of respectable authority which seems to sustain the latter view of the question. The case of *State* v. *Harper*, 6 Ohio St. 607, is cited as sustaining the contention of the plaintiff. The treasury of Wyandotte county had been broken into and the money stolen, and action was brought on the official bond of the treasurer. It was held that the felonious taking of the money did not excuse the treasurer from the repayment thereof. The decision was put entirely upon the basis that the contract made by the treasurer when he executed his bond, which ran to the effect that he should pay over all moneys coming into his hands as treasurer. Of course it cannot be disputed that a public officer may not be made liable by statute or by the provisions of his bond to pay over moneys which come into his possession by virtue of his office, even though they may be lost without his fault. But it hardly seems consonant with sound principles of equity and justice to hold over a public officer a rule so strict unless the statute or the bond of the officer require it. The sheriff is made by law the custodian of the fund. The fund belonged to the parties who owned the property from the sale of which it arose. Gen. Code 12039 (R. S. 5767) prescribes the duties of the sheriff with reference to it, and makes him liable for a misapplication or misappropriation of it, but does not of itself hold him otherwise accountable.

In *United States* v. *Thomas*, 82 U. S. (15 Wall.) 337 [21 L. Ed. 89], Mr. Justice Bradley in delivering the opinion of the court said:

"The basis of the common law rule is founded on the doctrine of bailment. A public officer having property in his custody in his official capacity is a bailee; and the rules which grow out of that relation are held to govern the case. But the legislature can undoubtedly, at its pleasure, change the common law rule of responsibility."

And again:

"Where, however, the statute merely prescribes the duties of the officer, as that he shall safely keep money or property received or collected, and shall pay it over when called upon to do so by the proper authority, it cannot, without more, be regarded as enlarging or in any way affecting the degree of his responsibility. The mere prescription of duties has nothing to do with the question as to what shall constitute the rule of responsibility in the discharge of those duties."

We think the right rule is stated in Mechem, Public Officers Sec. 301. After discussing the various views expressed in the different authorities, the author says:

"But another view less stringent, and in the opinion of the writer, more consonant with reason and justice, has also met with favor, although the cases which maintain it are few. By this view the officer is regarded as standing in the position of a bailee for hire, and bound *virtute officii,* to exercise good faith and reasonable skill and diligence in the discharge of his trust, or, in other words, to bring to its discharge that prudence, caution and attention which careful men usually exercise in the management of their own affairs, but not responsible for any loss occurring without any fault on his part. The statute may, of course, impose, or the officer may himself assume, a more onerous responsibility, but in the contemplation of this theory, a greater liability does not result from a simple undertaking to faithfully discharge the duties of the office."

The following authorities also recognize this view: *United*

*States* v. *Thomas,* 82 U. S. (15 Wall.) 337; *People* v. *Faulk-ner,* 107 N. Y. 477, 483 [14 N. E. Rep. 415]; *Pueblo Co. (Comrs.)* v. *Smith,* 22 Colo. 534 [45 Pac. Rep. 357; 33 L. R. A. 467]; *Greenwood Cemetery Land Co.* v. *Routt,* 17 Colo. 156 [28 Pac. Rep. 1125; 15 L. R. A. 369; 31 Am. Rep. 284]; *McKay* v. *Telegraph & Tel. Co.* 111 Ala. 337 [19 So. Rep. 695; 41 L. R. A. 589; 56 Am. St. Rep. 59]; *Chicago, B. & Q. Ry.* v. *Bartlett,* 120 Ill. 603, 619 [11 N. E. Rep. 867].

The bond of the sheriff in this case does not provide for the unconditional payment of any moneys which might come into his hands by virtue of his office, but simply provides that he shall faithfully discharge the duties of his office. Nor do we think that the statute imposes upon him an unconditional liability. The statute defines his duty with reference to the money, but does not attempt to fix any liability except for a misapplication or misappropriation of the fund, and we think his liability is to be determined by the rules of the common law as to bailees for hire.

The judgment of the court below is affirmed.

**Laubie** and **Cook, JJ.,** concur.

---

### INTOXICATING LIQUORS.

[Ashtabula (7th) Circuit Court, September, 1910.]

Marvin, Metcalfe and Fillius, JJ.

(Judge Marvin of the 8th circuit sitting in place of Judge Laubie.)